UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy No. 09-31913-SBB |
| DENVER TRUCK PARTS, INC. ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |

**FINDING OF FACTS AND CONCLUSION OF LAW GRANTING MOTION OF 38 WALNUT, LLC FOR RELIEF FROM STAY PURSUANT TO BANKRUPTCY CODE SECTION 362 TO EVICT DEBTOR**

Upon consideration of 38 Walnut, LLC's ("38 Walnut") Motion for Relief from Stay Pursuant to Bankruptcy Code Section 362 (the "Stay Motion") and Denver Truck Part, Inc.'s (the "Debtor") objection thereto, the Court having conducted a hearing on October 27, 2009 at 9:00 a.m., and the Court having heard the arguments of counsel, and the Court having considered any evidence presented,

The Court hereby makes the following findings of fact:

38 Walnut is the landlord for Denver Truck Parts, Inc. ("Denver Truck Parts") and Vince P. Frey dba Mile High Truck Parts ("Frey;" and together with Denver Truck Parts, the "co-tenants"), who are both tenants at the location 3789 Walnut Street, Denver, CO 80205 (the "Premises").

38 Walnut is subject to its own Chapter 11 bankruptcy proceeding, Case No. 09-25860-EEB.

38 Walnut commenced an eviction action against the co-tenants. The co-tenants contested the eviction. At the October 8, 2009 trial on the eviction action, the co-tenants consented to 38 Walnut obtaining a judgment against Denver Truck Parts and Frey for eviction, with the move out to occur Monday, October 19, 2009.

Given the concerns that Denver Truck Parts and Frey would remove property from the Premises in which 38 Walnut and other parties have an interest, 38 Walnut obtained an Order for to show cause why 38 Walnut is not entitled to possession of certain personal property at the Premises. The Order bars Denver Truck Parts and Frey from selling, converting or damaging any property located at the Premises.

On October 16, 2009, Denver Truck Parts filed for relief under Chapter 7 of the Bankruptcy Code. As indicated on the bankruptcy petition, Denver Truck Parts is a dissolved corporation. The effect of the filing of the bankruptcy was to stay the eviction of both co-tenants. In other words, the filing of the dissolved Denver Truck Parts avoided the eviction of the operating Frey.

38 Walnut filed the Stay Motion pursuant to 11 U.S.C. § 362 to proceed with the eviction of Denver Truck Parts.

Denver Truck Parts filed an Objection which consented to the relief requested, but requested that the lifting of the automatic stay be deferred. The Objection as drafted and the arguments of counsel for Denver Truck Parts establish that this bankruptcy case, and in particular the Objection, is being improperly utilized in an effort to benefit the non-debtor party Frey. No other party has objected to the Stay Motion.

Denver Truck Parts claims to have transferred all of its assets to Frey.

38 Walnut is in negotiation with a new tenant who has an ability to pay rent. 38 Walnut needs to immediately evict the co-tenants so that it can place the new tenant in the Premises, an essential component to 38 Walnut's successful reorganization.

Based upon the preceding facts, the Court hereby issues the following conclusions of law:

As Denver Truck Parts is a dissolved corporation that has no operations, its remaining in possession of the Premises is not necessary for its reorganization.

Denver Truck Parts maintains no equity and has no ownership interest in the Premises or the personal property maintained thereat.

These two findings alone provide a basis for granting relief from the automatic stay.

Further cause is found in the fact that 38 Walnut needs to immediately evict the co-tenants, including Denver Truck Parts, so that it can place the new tenant in the Premises, an essential component to 38 Walnut's successful reorganization.

38 Walnut has alleged that Frey and/or Denver Truck Parts continue to sell/remove assets from the Premises notwithstanding the State Court Order enjoining the co-tenants from doing so. Whether there was a violation of the State Court Order will be resolved by the State Court. This bankruptcy proceeding will not, however, be utilized to protect Frey or delay the eviction.

There is no validity to Denver Truck Parts' argument that this bankruptcy proceeding should be used to protect Frey. There is therefore no possibility that Denver Truck Parts can prevail at a final hearing.

Denver Truck Parts together with Frey have taken every avenue to continual delay the eviction.

The Chapter 7 Trustee appointed in this proceeding, who has taken over the business of Denver Truck Parts, has not opposed the relief sought in the Stay Motion.

These additional findings, as stated herein and as stated on the record in open court, also provide cause for granting 38 Walnut immediate relief.

It is therefore ORDERED, ADJUDICATE AND DECREED that Relief from the automatic stay under Bankruptcy Code § 362 is hereby granted to 38 Walnut to take any and all action necessary to evict Denver Truck Parts from and regain possession of the real property leased by the 38 Walnut to Denver Truck Parts.

Dated: October 27, 2009                             BY THE COURT:

                                                    _____
                                                    Honorable Sidney B. Brooks
                                                    United States Bankruptcy Court Judge